08-4293-ag
Zhu v. Holder

BIA
Schoppert, IJ
A95 716 389

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of February, two thousand ten.

PRESENT:

> JON O. NEWMAN
> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

ZHI LING ZHU, also known as TSE LIN ZHU,
　　　*Petitioner*,

　　　v.　　　　　　　　　　　　　　　　08-4293-ag
　　　　　　　　　　　　　　　　　　　　NAC

ERIC H. HOLDER, JR., U.S.
ATTORNEY GENERAL,*
　　　*Respondent*.

_____

---

> ＊ Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:**     Gary J. Yerman, New York, New York, New York.

**FOR RESPONDENT:**     Michael F. Hertz, Acting Assistant Attorney General; Michelle Gorden Latour, Assistant Director; Tracie N. Jones, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Zhi Ling Zhu, a native and citizen of the People's Republic of China, seeks review of an August 11, 2008 order of the BIA, affirming the May 17, 2007 decision of Immigration Judge ("IJ") Douglas Schoppert, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhi Ling Zhu*, No. A95 716 389 (B.I.A. Aug. 11, 2008), *aff'g* No. A95 716 389 (Immig. Ct. N.Y. City May 17, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"Where . . . the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we . . . review both the BIA's and

IJ's opinions -- or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

"We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. For asylum applications governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

Substantial evidence supports the agency's adverse credibility determination. Indeed, the IJ reasonably relied on the inconsistency between Zhu's testimony that she had

3

never been arrested and her statement during her credible fear interview that she had been arrested for passing out Christian information flyers. Moreover, there can be no question as to the reliability of the record of Zhu's statements during her credible fear interview where she admitted making such inconsistent statements. *Cf. Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir. 2004) (noting that where discrepancies and omissions arise in the context of an applicant's statements during an airport interview, the agency and this Court must closely examine the interview to ensure that it represents a "sufficiently accurate record" of the applicant's statements to merit consideration in determining whether the applicant is credible). Furthermore, the IJ reasonably declined to credit Zhu's explanation that her smuggler told her to exaggerate her claim in order to obtain asylum, finding that her exaggeration demonstrated her willingness to lie to immigration officials. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Ultimately, because a reasonable fact-finder would not be compelled to conclude to the contrary, the IJ's adverse credibility determination was supported by substantial

4

evidence. *See Xiu Xia Lin*, 534 F.3d at 165-67. Thus, the agency properly denied Zhu's application for asylum, withholding of removal, and CAT relief insofar as it was based on her practice of Christianity in China because each of these claims was based on the same factual predicate and Zhu's testimony as to the underlying facts was not credited by the IJ. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

Additionally, the agency did not err in finding that Zhu failed to demonstrate a well-founded fear of persecution on account of her religious activities in the United States, as she does not cite any evidence in the record that supports her claim of such a fear. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) ("[T]o establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in h[er] country of nationality are either aware of h[er] activities or likely to become aware of h[er] activities."). Therefore, the agency reasonably denied her application for asylum, withholding of removal, and CAT relief insofar as it was based on her practice of Christianity in the United States. *See Paul*, 444 F.3d at 156.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk